[Cite as *In re D.D.*, 2016-Ohio-7462.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: D.D.
   D.D.

C.A. No.  28266


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos. DN 14-3-144
      DN 14-3-145

DECISION AND JOURNAL ENTRY

Dated: October 26, 2016

HENSAL, Judge.

{¶1} Appellant, D.D. ("Father"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated his parental rights to his two minor children and placed them in the permanent custody of Summit County Children Services Board ("CSB"). This Court affirms.

I.

{¶2} Father is the biological father of D.D., a daughter born September 30, 2007; and D.D., a son born November 20, 2010. The children's mother ("Mother") has not appealed from the trial court's judgment.

{¶3} On March 4, 2014, Akron police removed D.D. and D.D. from Mother's custody pursuant to Juvenile Rule 6. The next day, CSB filed complaints to allege that they were neglected and dependent children because Father was serving a term of incarceration for felony convictions including forgery and domestic violence, and Mother had problems with drug use,

domestic violence in the home, and otherwise failing to provide for the children's basic needs. Both children were adjudicated dependent and the male D.D. was also adjudicated neglected. The children were later placed in the temporary custody of CSB.

**{¶4}** CSB eventually moved for permanent custody of both children while Father was still incarcerated. Consequently, the trial court continued the permanent custody hearing to allow Father more time to work toward reunification with his children after he was released from prison. Father alternatively moved for legal custody of the children.

**{¶5}** Following a hearing on the alternate dispositional motions, the trial court terminated parental rights and placed D.D. and D.D. in the permanent custody of CSB. Father appeals and raises three assignments of error, which this Court will consolidate and rearrange for ease of review.

II.

### **ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING WEIGHT TO FATHER'S POSITIVE URINE DRUG SCREENS.

### **ASSIGNMENT OF ERROR III**

FATHER'S COUNSEL COMMITTED PLAIN ERROR WHEN FAILING TO OBJECT TO THE ADMISSION OF STATE[']S EXHIBIT 3 AND OR ANY REFERENCE TO URINE DRUG SCREENS NOT IN FATHER'S CASE PLAN.

**{¶6}** Father's first and third assignments of error challenge the trial court's admission and consideration of evidence about the results of Father's drug test. Father does not argue that the results were hearsay, privileged, or otherwise inadmissible, but only asserts that the results should not have weighed against him because the case plan did not require him to submit to drug testing. He relies on this Court's decision in *In re S.D.-M.*, 9th Dist. Summit Nos. 27148, 27149, 2014-Ohio-1501, ¶ 32, a case that is legally distinguishable.

*{¶7}*     In *In re S.D.-M.*, CSB, the guardian ad litem, and the trial court were under the mistaken impression that the case plan required the father to undergo drug testing. *Id.* at ¶ 22-23. The caseworker had simply told the father to submit to a drug test, which he did not do. *Id.* This Court held that the trial court erred by faulting the father for failing to comply with a case plan requirement that did not exist. *Id*. at ¶ 31-32. Because that error prejudicially affected the trial court's best interest analysis, this Court reversed the permanent custody decision. *Id.*

**{¶8}**     The facts of this case are entirely different. To begin with, there was no confusion at the hearing about whether the case plan required Father to undergo drug testing. Father's trial counsel clearly argued that drug testing was not a component of the case plan and no one argued otherwise. Moreover, the trial court did not fault Father for failing to undergo drug testing, but instead considered the results of drug tests to which he submitted.

**{¶9}**     After his release from prison, Father went to a community-based correctional facility. While in that facility, he completed intensive outpatient therapy to address his admitted problem with substance abuse. Following his release from the correctional facility at the end of March 2016, Father initially participated in follow-up drug testing. According to the drug testing lab assistant who observed him on April 28, he believed that Father attempted to tamper with the test results by bringing someone else's urine into the facility. The witness testified that he saw Father fussing with his shorts and heard what he believed to be Father pouring the urine from a container into the sample cup. He explained that he heard a popping sound as if Father had opened a container and then heard a stream of liquid that sounded more like liquid pouring from a container than the stream of a man urinating directly into a sample container. He further testified that the specimen that Father gave him was only 88 degrees, a temperature that is "way

too low" to be a fresh urine sample. The lab assistant told Father to wait there to submit another sample, but Father left the facility.

{¶10} Father returned to the facility the following day and submitted a urine sample that tested positive for cocaine. Although Father testified at the hearing that he wanted to submit to further drug testing because "there was no way that I could test positive for cocaine[,]" he did not return to the facility for any follow-up testing.

{¶11} Father has failed to demonstrate that this Court's reasoning in *In re S.D.-M.* applies to the facts of this case or that the trial court was required to ignore affirmative evidence that he had been using illegal drugs. Father's first and third assignments of error are overruled.

## ASSIGNMENT OF ERROR II

[THE TRIAL] COURT'S DENIAL OF FATHER'S MOTIONS FOR LEGAL CUSTODY AND GRANTING OF [CSB'S] MOTION FOR PERMANENT CUSTODY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS REVERSIBLE ERROR.

{¶12} Father's second assignment of error is that the trial court's judgment was not supported by the weight of the evidence. Before a juvenile court may terminate parental rights and award permanent custody of children to a proper moving agency it must find clear and convincing evidence of both prongs of the permanent custody test: (1) that the children are abandoned; orphaned; have been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period; they or another child in a parent's custody have been adjudicated abused, neglected, or dependent on three separate occasions; or they cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on an analysis under Revised Code Section 2151.414(E); and (2) that the grant of permanent custody to the agency is in the best interest of the children, based on an analysis under Section 2151.414(D). *See* R.C. 2151.414(B); *see also In re William S.*, 75 Ohio St.3d 95, 99 (1996). The trial court

found that CSB satisfied the first prong of the permanent custody test because the children had been in the temporary custody of CSB for more than 12 of the prior 22 months. Father does not dispute that finding but instead challenges the trial court's conclusion that permanent custody was in the best interests of the children.

{¶13} When determining the children's best interests under Section 2151.414(D), the juvenile court must consider all relevant factors, including the interaction and interrelationships of the children, their wishes, the custodial history of the children, and their need for permanence in their lives. *See In re R.G.*, 9th Dist. Summit Nos. 24834, 24850, 2009-Ohio-6284, ¶ 11. Although the trial court is also required to consider any relevant factors under Section 2151.414(E)(7) through (11), none of those factors applied to the facts of this case. *See id.*

{¶14} Father's only interaction with his children during this case was limited to several weeks of supervised visitation. Although Father testified that he was prepared to care for his children because he was a different person after his three years of incarceration, he was unable to dispute the evidence before the court that he had just recently relapsed and used cocaine.

{¶15} Because Father was incarcerated for one year before this case began and for almost two years while this case was pending, he had not seen his two children for nearly three years. Consequently, the younger male D.D. had no relationship with Father for most of his life. The female D.D. told her therapist that, while living with her parents several years ago, she was exposed to drug use and did not feel safe when Father lived with her because he kept guns in the home.

{¶16} The children expressed their wishes to the trial court through their counsel. The male D.D. wanted to live with Father and the female D.D. wanted to live with a grandparent who had not moved for legal custody and had not been approved by CSB. The guardian ad litem

opined that permanent custody was in their best interests because Mother had not been visiting or otherwise demonstrating commitment to the children and Father lacked stability and had recently tested positive for cocaine.

{¶17} The custodial history of the children prior to this case is not clear from the record. During this case, they had spent almost two years living in temporary placements and were in need of a legally secure permanent placement. The parents were not able to provide them with a suitable home at the time of the hearing and CSB had been unable to find a suitable relative who was able to do so. Consequently, the trial court reasonably concluded that a legally secure permanent placement would be achieved by placing the children in the permanent custody of CSB. Father's second assignment of error is overruled.

III.

{¶18} Father's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

NICHOLAS KLYMENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.